UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | | |
|---|---|---|
| MICHAEL DAVID HOWER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. |
| | ) | 0:20-cv-074-JMH |
| V. | ) | |
| | ) | |
| H. ALLEN BEARD, JR., Warden, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Petitioner Michael David Hower is a federal inmate currently confined at the Federal Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky.  Proceeding without counsel, Hower has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he seeks compassionate release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A).  [R. 1].

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

In February 2009, Hower pled guilty in the United States District Court for the Western District of Michigan to one count of sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a), (e) and 2256 (Count One) and one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), 2256. *United States v. Hower*, No. 1:08-cr-084-RJJ-1 (W.D. Mich. 2008). In December 2009, he was sentenced to a total term of imprisonment of 420 months, consisting of a term of 260 months on Count One and 240 months on Count Two, to be served concurrently with Count One, except for 60 months. *Id*. Hower is currently projected to be released from the custody of the federal Bureau of Prisons ("BOP") on December 26, 2037. *See* https://www.bop.gov/inmateloc/ (last visited on June 24, 2020).

On May 26, 2020, Hower filed a motion for compassionate release pursuant to 18 U.S.C. § 3582 in the Court that sentenced him, citing the risk of death posed to him should he contract COVID-19 in light of his current medical condition. *United States v. Hower*, No. 1:08-cr-084-RJJ-1 (W.D. Mich. 2008) at R. 118. Hower's motion was denied on June 10, 2020. *Id*. at R. 119. Hower's motion to vacate that Court's Order denying his request for compassionate release was denied on June 24, 2020. *Id*. at R. 120, 121.

On June 22, 2020, the Clerk of this Court received Hower's § 2241 petition, also seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing Hower's "unusual medical risks and vulnerabilit[ies] that put him at a much higher risk of death if he contracts COVID-19." [R. 1]. He affirmatively states that he has not exhausted his administrative remedies with respect to his claims, explaining that his informal request to the Warden was denied and that, although he filed a BP-9 with the Warden on June 16, 2020, he has not yet received a response, but "[h]e will deny it." [R. 1, at 8]. Hower cites the Sixth Circuit's recent decision in *Wilson v. Williams*, No. 20-3447, --- F.3d ---, 2020 WL 3056217, at *5 (6th Cir. June 9, 2020), claiming that it stands for the proposition that a prisoner seeking compassionate release under § 3582 may file a habeas petition pursuant to § 2241 without first exhausting any available administrative remedies. [R. 1, at 7-8].

However, Hower's petition must be denied without prejudice. As an initial matter, Hower mischaracterizes the holding in *Williams*. In *Williams*, the Sixth Circuit explained that "where a petitioner claims that no set of conditions [of confinement] would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement," thus the petitioner may file a § 2241 habeas petition

3

rather than pursue his claims in a civil rights complaint filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Wilson v. Williams*, No. 20-3447, --- F.3d ---, 2020 WL 3056217, at *5 (6th Cir. June 9, 2020). However, at no point did *Wilson* even address the requirement that a petitioner must exhaust the available administrative remedies before filing such a petition, much less hold that exhaustion was not required.

In fact, in *United States v. Alam*, 960 F.3d 831, 2020 WL 2845694 (6th Cir. 2020), the Sixth Circuit specifically rejected the argument that a prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) need not comply with that statute's administrative exhaustion requirement prior to seeking relief in federal court. In *Alam*, the Sixth Circuit affirmed the district court's dismissal of a prisoner's § 3582 motion filed prior to exhaustion, explaining that "because this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it." *Id*. at *1. The Sixth Circuit further found that the "unprecedented" COVID-19 pandemic does not warrant a departure from the exhaustion requirement, as "[t]he seriousness of COVID-19 and its spread in

many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk." *Id.* at *4.

Moreover, in *Wilson*, the Sixth Circuit further explained that "[a] district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress." *Wilson*, 2020 WL 3056217, at *6. Hower's motion, though filed as a § 2241 petition, is actually a motion for modification of a sentence made pursuant to 18 U.S.C. § 3582. However, a § 3582(c) motion for modification of an imposed term of imprisonment must be made to the Court that sentenced him, and may not be filed in this Court. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). Indeed, "although the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment." *See Wilson*, 2020 WL 3056217, at *11. That Hower has already requested such relief from his sentencing court and his request has been denied does not somehow authorize this Court to revisit that decision.

Because the motion filed by Hower is not a proper petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, his request for relief will be denied.

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Michael David Hower's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED;**

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 25th day of June, 2020.

Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

6